SALINE COUNTY *v.* HUGHES.

Opinion delivered November 11, 1907.

1. TAXATION—ASSESSMENT—POWERS OF BOARD OF EQUALIZATION.—After a county board of equalization has finally adjourned, it cannot meet and correct errors which it made in performing its functions. (Page 348.)

2. SAME—VALIDITY OF GROSS INCREASE OF VALUATION.—In equalizing the values of numerous items of personal property, a gross increase by the board of equalization in the aggregate valuation of the property, without specifying the items which are increased, is erroneous. (Page 348.)

Appeal from Saline Circuit Court; *W. H. Evans,* Judge; affirmed.

*W. R. Donham* and *W. L. Cooper,* for appellant.

It is the duty of the county clerk, and not of the board, to keep the journal of its proceedings. Kirby's Digest, § 7005. His error in failing to keep the journal accurately was a misprision only, which could not invalidate the action of the board. If the board believed that the whole assessment was too low, it could properly make a uniform increase of the assessment.

Appellee, *pro se.*

It is the duty of a board of equalization in raising an assessment to specify the article or articles against which the increase is assessed.

HILL, C. J. The personal property of John L. Hughes was assessed for the year 1906 as follows: 4 horses, $195; 1 cattle, $15; 3 mules, $300; 2 carriages, $50; 1 watch, $50; goods and merchandise, $8,000; moneys and credits, $7,500; total, $16,110.

The board of equalization on the 9th of September made the following order in regard to the personal property of said Hughes: "J. L. Hughes, valuation $16,110; valuation as equalized, $24,000." On the 22d day of September, 1906, the board made this order: "It is ordered that said board adjourn until board in course."

Postal card notice was sent to Hughes pursuant to the directions of section 6998, to appear on the first Monday in October before the county court to show cause, if any, why the

valuation of his property should not have·been raised.   On the 7th of January, 1907, Hughes filed a petition with the county court, setting forth his assessment and the attempt to increase it by $7,890, and alleged that there had been no showing whether the increase was an independent assessment or whether it was a raise in value upon assessed items, and, if so, upon what property; and other causes for the setting aside of the assessment were alleged.

On March 6, 1907, the members of the board of equalization met and erased from the records the order of September 22, regarding the final adjournment of the board, and inserted therefor an adjournment to that date; and then proceeded to add $7,890 to the item of "moneys and credits" in the aforesaid assessment.

The petition was tried in the county court, and again on appeal in the circuit court.   The circuit court held that the additional assessment was invalid; and the county has appealed.

The action of the board of March 6, 1907, could have no force, for the board had long since performed its function for that year.

The statute, section 7004, gives the board authority to add to or take from the valuation of personal property as returned by the assessor, or to add other items to it upon satisfactory evidence.   This is not an attempt to add other items.   That is plainly shown in the original order equalizing the property and the notice of such equalization, and the subsequent action of the board in attempting to place an additional amount upon one item of the property already returned by the assessor.   Therefore, the question is, whether, in equalizing the values of personal property, where there are numerous items, a gross increase is valid.   There were seven separate items of personal property assessed.   This increase of $7,890 may have been upon any of them.   The statute prescribes 15 different items of personal property to be returned.   Section 6910, Kirby's Digest, The assessments are to be based upon the value of each of these classes of property which may be owned by the taxpayer. It is contrary to the spirit of this taxing system that there should be such a thing as a gross increase in aggregate valuation. Any item which is too high or too low should be equalized

by the board; and it is not contemplated by the law that the board shall place a general increase or decrease on the assessment, but that it shall specify wherein the assessment is too high or too low. Therefore this gross increase was erroneous. The court can not patch up an assessment by evidence showing what it should have been; it must stand or fall as finally returned.

Section 7003 provides: "And if, during the time of collecting taxes upon the personal property so equalized, any obvious errors be discovered in the assessment of any personal property, * * * the owner of such property so assessed or equalized may, by application to the county court, by proper showing, at any time before the collector closes his books, have the same adjusted." The error here was an obvious error, within the meaning of the statute, and this was a proper proceeding to correct it.

Affirmed.