## NASHVILLE LUMBER COMPANY *v.* HOWARD COUNTY.

### Opinion delivered January 18, 1909.

1.  TAXATION—EQUALIZATION—GROSS INCREASE OF VALUATION.—Where a county board of equalization, in equalizing the values of several items of personal property, made a gross increase in the aggregate valuation of the property, without specifying the items which were increased, their procedure was erroneous, and the defect can not be cured by parol testimony of members of the board showing how they arrived at the increase. (Page 57.)

2.  BILL OF EXCEPTIONS—IDENTIFICATION OF TESTIMONY.—Where a skeleton bill of exceptions contained a call for the clerk to copy the testimony, which was appended to the bill of exceptions, following which appears the certificate of the trial judge approving the bill of exceptions, the testimony was sufficiently identified. (Page 57.)

Appeal from Howard Circuit Court; *James S. Steel,* Judge; reversed.

*J. W. Bishop,* for appellant.

No record of the proceedings of the board of equalization was kept as required by law. These proceedings can not afterwards be bolstered up by oral testimony. 84 Ark. 347-349. It was not only erroneous to make the increase on the aggregate assessment, but the action of the board in this case was equivalent to an attempt by them to make an independent assessment of the capital stock of the company. An equalization board is not authorized to assess property. 64 Ark. 436. The law does not contemplate that both the capital stock and the property, the basis thereof, shall be assessed. 78 Ark. 192; 74 Ark. 37; 73 Ark. 517; Cooley on Taxation (3 Ed.), 396-7; 39 N. Y. 81, and cases cited; 144 N. Y. 94. As to real property listed for taxation, it is the duty of the assessor, and not of the owner, to place the valuation thereon. Kirby's Digest, § § 6955, 6959, 6976; Welty on Assessments, § 10; Cooley on Taxation, 351; Gantt's Digest, § 5105; Acts 1883, p. 240, § 69; 64 Ark. 436; 33 Atl. 358; 171 Pa. 440; 45 Pac. 901; 29 Ore. 412; 48 N. Y. 70; 45 N. Y. Supp. 456.

*W. F. Kirby*, Attorney General, *Daniel Taylor*, Assistant, *D. B. Sain* and *W. C. Rodgers*, for appellee.

1. The case should be affirmed because the evidence is not properly brought into the record. There must be some definite and positive identification of the very evidence introduced at the trial, and not a mere general direction, "Here clerk will copy testimony of plaintiff or defendant;" and nothing should be left to the memory of the clerk, or to his judgment as to what was or was not the evidence. The directions in this skeleton bill of exceptions mentions no witness, document nor deposition as a guide to the clerk. 45 Ark. 485; 74 Ark. 88, 90; 76 Ark. 177, 178. A direction to the clerk to copy all the "testimony" in the case is not a direction to copy all the evidence. 110 Ind. 203; 69 S. W. 931.

2. Rule nine of this court requires that the appellant prepare and serve on opposing counsel "an abstract or abridgment of the transcript setting forth the material parts of the pleadings, proceedings, facts and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of all questions presented for decision." The

court can not ascertain the questions arising upon the pleadings and the law controlling in this case (Kirby's Digest, § § 6936 and 7004) from appellant's abstract. (1) Before a trial court's ruling can properly be brought to the attention of this court, a motion for new trial must have been presented to the trial court within the time allowed by statute, or the time extended by the court, setting forth, specifically, every ground therefor, and due exceptions must be noted to the ruling of the court in refusing same. 33 Ark. 745, syllabus; 6 Ark. 43; 7 Ark. 524; 10 Ark. 428; 13 Ark. 344; *Id.* 358; 15 Ark. 137; 16 Ark. 34; 17 Ark. 397; *Id.* 403; *Id.* 467; *Id.* 473; 21 Ark. 398; 22 Ark. 517; 25 Ark. 272; 53 Ark. 204. See also 57 Ark. 304. The proceedings complained of must be brought to the attention of the court by proper reference thereto and synopsis in the abstract of the appellant. 55 Ark. 547; 58 Ark. 446; 74 Ark. 320; 75 Ark. 347; *Id.* 571; 76 Ark. 217; 78 Ark. 374; *Id.* 426; 79 Ark. 20; *Id* 85; *Id.* 176; 81 Ark. 327; 80 Ark. 259; 81 Ark. 66; 83 Ark. 133; *Id.* 356; *Id.* 512; 84 Ark. 552; 87 Ark. 202; 87 Ark. 368. Failure to abstract the motion for new trial, so that this court can at least see what errors were assigned for reversal, is fatal. 59 Ark. 1, 5. (2) The only reference to the motion for new trial in appellant's abstract and brief is this: "Of the seven separate declarations of law asked for by the petitioner the court refused to give declarations 2, 3, 4, 5, 6 and 7; exceptions were saved and incorporated in the motion for new trial, which was by the court overruled, and from which the appeal herein was prayed." If there was any exception saved to the ruling of the court in refusing a new trial, the abstract does not show it, and without "exploring the record" the court can not find whether such exception was saved or not. Assignment of error in giving several instructions in gross is bad if any one of the instructions is not a correct declaration of law. 38 Ark. 528; 39 Ark. 337; 54 Ark. 16; 59 Ark. 312; *Id.* 370; 60 Ark. 250; 75 Ark. 181; 76 Ark. 41; 78 Ark. 7; 79 Ark. 338; 80 Ark. 528; 84 Ark. 73; *Id.* 95; 86 Ark. 103. Declaration number two, refused, states amongst other things that appellant is not required by law to list its capital stock as a separate and distinct item of personal property, and that the board, etc., had no authority to add to the assessment any amount representing its capital stock. That is not the law.

Kirby's Digest, § 7004; 84 Ark. 347, 348. Where a person omits to assess his personal property, the board may make the assessment upon such evidence as is satisfactory. 87 Ark. 484. There is no complaint in appellant's abstract that the assessment fixed by the board is too high. 49 Ark. 518. The third declaration (refused), that appellant made such assessment of its property as the law contemplates, is contrary to the statute. The fourth declaration (refused), in effect that it is the duty of the assessor, and not the owner, to place the valuation on real estate for taxation, is abstract and erroneous in view of the law fixing the duties of the board of equalization. The fifth declaration (refused), challenging the right of a taxpayer and of the town of Nashville, appellant's domicil, to be heard, is without merit, both the taxpayer and the town having the right to ask that the law be enforced, so that the burden of taxation rest equally upon all, in proportion to property owned. As to the sixth declaration, there is no foundation for the contention that the board kept no record of its proceedings. The members of the board were in any event *de facto* officers, and their official acts as such are entitled to full faith and credit. 32 Ark. 666; 67 Ark. 484; 75 Ark. 340; 80 Ark. 425. This question, that no journal or record of the board's proceedings was kept as required by law, is not properly before the court, because nothing in the abstract refers to any such assignment of error in the motion for new trial; but, if so, the assignment is contrary to the evidence and is without merit.

McCULLOCH, J. Appellant is a domestic corporation, domiciled at Nashville in Howard County, and filed its petition in the county court to have corrected an assessment of its property for taxation made by the county board of equalization. The county court refused to modify the assessment, and the circuit court, on appeal, also refused to do so, and an appeal was taken to this court.

The following is an exact copy of an entry on the assessor's personal property book, showing the assessment listed by appellant and returned by the county assessor, and the change made by the board of equalization, this being the only record made by the board:

| Nashville Lumber Co. | Total value per. property. | Total value as equalized. |
|---|---|---|
| 7 wagons .................... | 500 | |
| Goods and merchandise........ | 4,000 | |
| Material & M'f'd Articles...... | 6,000 · | |
| Value of all other property..... required to be listed........ | 20,000 | |
| | $30,500 | $253,450 |

It appears from this record that the board of equalization, without adding other items of property or increasing the valuation of the particular items already listed, made a total increase in value of all of the listed property from $30,500 as returned by the assessor to $253,450. This method of procedure is precisely what was condemned and held to be erroneous by this court in *Saline County* v. *Hughes,* 84 Ark. 347, where we said:

"It is contrary to the spirit of this taxing system that there should be such a thing as a gross increase in aggregate valuation. Any item which is too high or too low should be equalized by the board; and it is not contemplated by the law that the board shall place a general increase or decrease on the assessment, but that it shall specify wherein the assessment is too high or too low. Therefore the gross increase was erroneous. The court can not patch up an assessment by evidence showing what it should have been; it must stand or fall as finally returned." The attempt in this case to prove by oral testimony of members of the equalization board how they arrived at this increase and on what items they increased the valuation was merely an effort to patch up the defective and erroneous proceedings of the board while in session.

It is urged that we should affirm the case because of omission of the testimony from the record.

An exact copy of the original bill of exceptions is brought here by writ of certiorari, and shows the same to be in the following condition: After reciting the commencement of the trial, it proceeds as follows: "The plaintiff to maintain the issue on its part, introduced the following testimony, towit: (here clerk will copy testimony on part of plaintiff.) And the defendant to maintain the issue on its part introduced the following testimony,

towit: (here clerk will copy testimony of defendant.)   And the evidence hereinbefore copied and set out was all the evidence introduced in the trial of the case."

This bill of exceptions was approved and attested by the signature of the presiding judge dated June 11, 1908, and attached to it was the court stenographer's transcript of the evidence adduced at the trial, duly certified by him, showing what witnesses were introduced by the plaintiff (petitioner) and those that were introduced by the county.  Following this is the further indorsement of the judge: "Locksburg, Arkansas, June 11, 1908.  I have this day examined the annexed bill of exceptions and approve same.  [Signed]   James S. Steel, Judge."

It is clear that this transcript of the evidence was attached to the bill of exceptions and identified by the trial judge when he approved the bill.  We think, therefore, that the direction to the clerk was sufficiently specific to identify with certainty the evidence which was to be copied, and left nothing to his recollection or discretion. . *Young* v. *Gaut,* 69 Ark. 114.

The case does not fall within the rule announced in *St. Louis, I. M. & S. Ry. Co.* v. *Godby,* 45 Ark. 485, or *Lesser* v. *Banks,* 46 Ark. 482, which are relied on by counsel for appellee.

The judgment of the circuit court is reversed, and the case is remanded for further proceedings consistent with this opinion.