SUMMERS *v.* BROWN.

Opinion delivered March 12, 1923.

1. TAXATION—UNLAWFUL REDUCTION OF ASSESSMENT—FORFEITURE.— Where the 1913 assessment of lands, which was to be extended in 1914, was unlawfully reduced by the quorum court at the suggestion of the county board of equalization, forfeiture of the land for nonpayment of taxes in 1914 based on the assessment so reduced, was not void because the reduction of the assessment was illegal, and the tax deeds based on a sale for such forfeiture

were valid, as the reduction of the assessment favored the owner, instead of injuring him.

2. TAXATION—EQUALIZATION BOARD—POWERS.—The county board of equalization had no power to equalize assessments in 1914, and a blanket reduction of assessments in 1914 by the quorum court at the instance of the county board of equalization was illegal.

Appeal from St. Francis Chancery Court, *A. L. Hutchins,* Chancellor; reversed.

*S. S. Hargroves* and *John M. Prewett,* for appellant.

Tax sale not invalid because tax charged in wrong name. C. & M. Digest, § 10118; 134 Ark. 463. No excess fees charged. 61 Ark. 418. Action to test validity barred by 2 years statute. C. & M. Digest, § 10119; 46 Ark. 96; 55 Ark. 192.

*Mann & Mann,* for appellee.

Equalization board required to complete work before convening of county court. 96 Ark. 92. Tax sale void account gross reduction in value. Equalization board without authority to assess property. 64 Ark. 436; 84 Ark. 347. Record must be kept. 111 Ark. 97. Sec. 10119, C. & M. Digest, not applicable in this case. Appellee being in possession, matters complained of for avoiding deed, statute would not bar. 46 Ark. 96; 53 Ark. 204; 55 Ark. 192; 120 Ark. 528.

HUMPHREYS, J. The issue presented and determined by the trial court in this case involved the validity of two tax deeds executed by T. C. Merwin, county clerk of St. Francis County, on June 20, 1917, to appellant, pursuant to the certificates of purchase issued on the 14th day of June, 1915, under a sale of the land described in the deeds for the taxes of 1914. The lands are in sec. 32, township 6 N., range 2 E., one deed containing the S. W. ¼ N. E. ¼, assessed in 1913 at $160, and the other including the W. ½ of the N. W. ¼ N. E. ¼, assessed in the same year at $50. There was no assessment in 1914, the assessment of 1913 covering each year and holding good in 1914. In 1914 the clerk extended taxes against said S.

W. ¼ N. E. ¼ upon an assessment or valuation of $80 instead of $160, and against the W. ½ of the N. W. ¼ N. E. ¼ upon an assessment or valuation of $25 instead of $50. This was done because the equalization board of the county appeared before the quorum court and asked said court to indorse the following resolution:

"Came N. B. Nelson, Lon Slaughter and W. R. Kendrick, the board of equalization, and presented a resolution asking approval and indorsement of their action in reducing the assessment of all the real and personal property of St. Francis County as returned by the assessment for 1914 on each list and tract of land 50 per cent. of its present valuation." According to the records of the proceedings of the quorum court, the above resolution was adopted, and five mills was levied on one-half of the assessed valuation of the real and personal property of the county.

The trial court canceled the tax deeds in question, upon the theory that the forfeiture for the nonpayment of taxes for the year 1914 was void, because the taxes were levied and extended against the lands for only 50 per cent. of their assessed value, instead of their assessed value. The trial court, in doing this, agreed with the contention of appellees to the effect that the levy and extension of the taxes on said lands were void because based upon an attempted blanket reduction of the assessed valuation of the lands in the county by the quorum court at the instance of the equalization board. It is true that the equalization board had no right at that time, under the statute, to make a blanket reduction of the assessments of lands in the county. *Saline County* v. *Hughes,* 84 Ark. 347. In fact, the equalization board had no right to equalize assessments of real estate at all in 1914. They only had the right to equalize assessments in 1913, and the assessment made by an assessor and equalized by them in 1913 held good for the year 1914. It may also be observed that the quorum court had no authority whatever to assess or approve an assessment of value

for the purposes of taxation. The fact, however, that the taxes were extended by the clerk against the lands upon a 50 per cent. assessed valuation directed by the combined action of the equalization board and quorum court did not have the effect of rendering the forfeiture of that year void. The right to extend taxes levied upon a larger valuation necessarily included the right to extend the taxes upon a less or smaller valuation. The extension of a smaller amount than should have been extended was an irregularity merely, and favored rather than injured appellees. According to the regular assessment against the lands for 1914, a larger sum total might have been levied thereon for general, State, and county purposes than was levied, and a greater amount for such purposes might have been extended against the property by the clerk than was extended. No substantial right of the appellees was invaded by either the levy or extension of the taxes. As we understand, no complaint is made that improper amounts were levied or extended against the lands for school purposes. The valuations fixed by the assessor in 1913 were used as a basis for levying and extending the school taxes.

The forfeiture of the lands for the nonpayment of taxes for 1914 was not void because the taxes were levied and extended against them on the 1913 and 1914 assessment, improperly and irregularly reduced by the equalization board, and it was error to cancel the two tax deeds based upon the forfeiture.

The decree is therefore reversed, and the cause is remanded with directions to enter a decree sustaining the tax titles and upholding the deeds evidencing same.