CUTRELL *v.* HOOVER.

4-4821

Opinion delivered November 22, 1937.

*Rowell, Rowell & Dickey,* for appellant.
*Coy M. Nixon* and *J. P. McGaughy,* for appellee.

GRIFFIN SMITH, C. J. This appeal is from a decree based upon a complaint originally filed in the Jefferson circuit court, but transferred to chancery on motion of appellee, who was the defendant below. Appellant alleged that by purchase from the state he was owner of three lots in Pine Bluff, but that appellee was in unyielding possession.

The cause was tried upon an agreed statement of facts, as follows: Neither appellant nor appellee was an original owner of the lots, which forfeited for nonpayment of taxes for 1932 and were certified to the Land Commissioner February 12, 1936. Several days prior

to February 29; 1936, Wiley Hoover, acting for appellee, applied personally at the State Land office, and requested of George W. Neal, the commissioner, that blank form be supplied indicating the amount of money necessary to purchase the lots. The commissioner personally delivered such form to Hoover, showing that $96.52 was necessary to make the purchase. Hoover took this application to Coy M. Nixon, Pine Bluff attorney representing appellee, and on February 29 Nixon returned the executed form by mail to the commissioner, with check for $96.52. The application was filed in the Land Office March 1.

On March 3, appellant duly filed his application with the land commissioner, covering the same lots, paying the sum of $109.07. On March 10, the commissioner wrote Nixon, advising that ''Fees have now been added to the amount necessary to purchase this property. The total cost now will be $98.82, as shown on your application. If the applicant still desires this property, please return this application, together with a check for the proper amount.'' The application as originally filled out by Neal was returned to Nixon, with marks through the older figures and with substituted amounts, showing, in addition to tax, penalty and cost of $34.28 due at the time of sale, and two years' subsequent taxes of $61.24, that 30 cents was payable under act 119 of 1935; that calls amounted to $2, and that a charge of $1 was made for the deed.

Under date of March 13, Nixon returned the corrected application to the commissioner and remitted $98.82. In the meantime, appellant's application had been acted on, and deed No. 47203, dated March 10, was sent him. This deed recites payment of $95.52 by R. C. Cutrell, ''The amount required to purchase said lands in accordance with the requirements of act No. 129 of 1929, and having otherwise fully complied with the provisions and requirements of said act, and having paid to the commissioner of state lands the further sum of $12.55, expenses incurred by the state under the provi-

sions of act No. 296 of 1929, or act 119 of 1935." To this total of $108.07 was added $1 for the deed.

The remittance of $98.82 made by appellee on March 10 was returned by the commissioner on March 17, with explanation that the property had been sold.

The chancellor's decree contains a direction that upon payment of $109.07 by appellee to appellant, with interest at 6 per cent. from March 10, 1937, title should become vested in appellee. Costs were adjudged against appellant.

The decree must be affirmed. The correct amount for which the lots forfeited was $34.28, and $61.24 was properly chargeable as accumulated taxes. *Neal* v. *Gatz,* 187 Ark. 785, 62 S. W. (2d) 945. When the commissioner advised appellee that the amount necessary to purchase the property was $96.52, he was correct, $95.52 representing the sum due for taxes, $1 being for the deed. With this payment, appellee became the equitable owner of the lots, even though the deed was not executed. This occurred March 1. Appellant's application was not filed until March 3. It was not essential to appellee's equitable title that the deed be executed by the commissioner, this being merely the evidence of an interest already acquired. *Coleman* v. *Hill,* 44 Ark. 452; *Chism* v. *Price,* 54 Ark. 251, 15 S. W. 883, 1031; *Simmons* v. *Wagner,* 101 U. S. 260, 25 L. Ed. 910.

Act 296 of 1929, referred to in the deed issued to appellant, is authority for proceedings by the state to confirm title to lands forfeited to it for the nonpayment of taxes. It authorizes a charge of ten cents per acre for the benefit of attorneys incidental to such confirmation, but omits to provide any basis of charge where town lots, as distinguished from acreage, are the subject of confirmation. Act 119 of 1935 corrected this deficiency by authorizing a charge of ten per cent. of the amount recovered for the state on "City and town lots and parcels thereof," to be paid from amounts received by the state for the redemption or sale of such forfeited property. This act was approved March 19, 1935, and had been in force for almost a year when the commissioner, between

February 29 and March 10, 1936, seems to have ascertained that fees had been added.

Somewhat analogous to this case, but not entirely in point, are instances where taxpayers have tendered money to a collector and verbally directed that such payment be applied in a specified manner, but the collector, through error, applied the fund in satisfaction of a different assessment. It has been held that where such owner, in good faith, attempts to pay taxes, but through the collector's mistake certain taxes are not paid, the owner will be entitled to redeem the land. *Scroggin* v. *Ridling*, 92 Ark. 630, 121 S. W. 1053; *Knauff* v. *National Cooperage & Woodenware Co.*, 99 Ark. 137, 137 S. W. 823; *Oats* v. *Walls*, 28 Ark. 244; *Ward* v. *Stark*, 91 Ark. 268, 121 S. W. 382.

Confirmation suit with respect to these lots was not filed until March 21, 1936. Section 10 of act 119 of 1935 provides that "Compensation of attorneys and court costs shall be paid from amounts received by the state for the redemption or sale of such forfeited property." This means that costs are not chargeable against lands to which title has not been confirmed.

After receiving appellee's application and money on March 1, the commissioner was silent until March 10, and then he demanded $2.30 additional. In the meantime he had accepted appellant's application and larger remittance, and, under date of March 10, issued a deed to appellant. This deed must have been delivered to appellant shortly after its execution, for it was filed of record in Jefferson county March 13. Even then the commissioner did not notify appellee, but remained silent until March 17.

Appellant insists that appellee should have applied to the State Land Commissioner for a hearing under authority of §§ 6764 to 6773 of Crawford & Moses' Digest, now §§ 8696 to 8705 of Pope's Digest; and, having failed to do so, he is not entitled to come into a court of equity and ask for relief. The remedy provided in the digest is in no sense exclusive, and equity was not without jurisdiction.

The decree is affirmed.