VANDERGRIFT v. LOWERY.

4-4756

Opinion delivered December 20, 1937.

258

*Byrd & Love,* for appellant.

*W. A. Speer,* for appellee.

BAKER, J.   G. M. Lowery was the owner of the northeast quarter of the southwest quarter of section 31, township 18 south, range 15 west, forty acres.   This land was returned delinquent for taxes for the year 1930 and at the delinquent tax sale in the year of 1931 the property was sold to the state.   The property was not redeemed, and, on June 28, 1933, more than two years after the sale, this land was certified to the state and, thereafter, on the 13th day of September, 1933, the appellee redeemed the said tract of land under the provisions of act 2 of the Extraordinary Session of the General Assembly for 1933.   The amount paid by him in this redemption was $7.24 and it represented the tax and costs due for the year 1930, but less penalty and interest.   Immediately after said redemption, the county clerk of said court placed the property back on the tax rolls for the 1933 taxes, and the tax assessor reassessed this land for taxes to be paid, of course, during the year of 1934.   Thereafter, at a delinquent sale, held in 1934, for the delinquent taxes of 1933 this same

property, having been returned delinquent by the collector, was sold to the state and in December, 1936, two years having elapsed after the said sale and the property remaining unredeemed, it was again certified to the state as state land and subsequent to that date, on March 3, 1937, appellant, C. D. Vandergrift, purchased said land from the state, and the state land commissioner issued to him a deed conveying the same.

On April 19, 1937, appellee filed this suit in Union chancery court, first division, asking for cancellation of the deed issued to appellant. Appellant filed his answer, praying the court to dismiss appellee's complaint and to confirm sale and deed to him. Upon trial of the case the court rendered a decree in favor of Lowery, the appellee, and from this finding and decision of the chancery court is this appeal.

Let it be said that there is no disputed question of fact in the record, all facts being determined by a stipulation or agreement between the parties. Each of the aforesaid tax deeds and tax sales is to be taken as good and valid except that the tax forfeiture for the taxes of 1933 and the sale to the state after delinquency in 1934 is questioned by the appellee. The alleged invalidity arises out of the fact that the appellee took title to this property by purchase which amounted to a redemption from the State Land Commissioner's office on September 13, 1933, and presumably notice was given to the clerk by the Land Commissioner of the fact of this sale or redemption and the land was promptly reassessed as before stated under the law. The clerk proceeded to extend against this property taxes for the year 1933 to be collected during the year 1934. Appellee insists that the clerk had no power or authority to extend taxes for the year 1933; that the assessment and the act of the clerk in that respect was void and the sale made in 1934 for said taxes is void. This was the effect of the court's finding upon that issue. The appellant argues that act 2 of 1933 does not exempt land redeemed under said act and that it was not the intention of the Legislature to give to such redeemers of property another or additional year of taxes. It is argued by ap-

pellee that during the time the title to the land was in the state, or after the forfeiture, it was not subject to any tax. Section 9 of act 2 of the Acts of the Extraordinary Session of 1933 is the emergency section and it sets forth that "the urgent need of the state, municipalities and political subdivisions for additional revenue and the restoration of property on the tax rolls, an emergency is declared to exist and this act being necessary for the preservation of the public peace, health and safety, shall take effect and be in force from and after its passage." Appellant insists that an extension of the period within which no tax could be collected until the property could be reassessed in 1934 is in violation of the spirit of this act as indicated in the above quoted portion thereof. He also argues that act No. 2 of the General Assembly, approved January 8, 1934, which was another special or extraordinary session of the General Assembly, in which act time was extended until April 10 for the redemption of delinquent lands, answers appellee's contention and aids in the construction of act 2 of the Extraordinary Session of 1933. Act 2 of 1934 provides that, upon payment for, or redemption of, lands by original owners under that act, the clerk should extend the tax against such redeemed lands for the year of 1933 due and payable according to law in 1934.

It is, therefore, urged that the man who redeemed on the last day of December, 1933, under the act of 1933, as construed by the trial court, would take the land free of taxes for 1933, payable in 1934, but that the man who redeemed after the passage of act 2 of January 8, 1934, would have to pay 1933 taxes during the year in which he had redeemed and that the Legislature did not intend this inequality as between taxpayers.

It is not necessary to attempt a reconciliation of this apparent discrepancy by a process of reasoning. Section 15 of act 172 of the Acts of 1929 makes ample provision for the new assessment after the redemption or purchase. *Tedford* v. *Vaulx*, 183 Ark. 240, 35 S. W. 2d 346. Section 4 of said act 172 was also discussed in a recent case. *Arkansas Tax Commission* v. *Turley*, 185 Ark. 31, 34, 45 S. W. 2d 859.

At the time Lowery redeemed or repurchased his land, on September 13, 1933, the date for regularly assessing real and personal property had passed. There could be no assessment at that time unless authorized by law. We think it must appear to every student of taxes or revenue measures that every tax must be assessed in some form authorized by law before it becomes a legal charge or lien against property.

It is the rule, not the exception, that property shall be taxed. Section 13597, Pope's Digest; § 5 art. 16 of Constitution of 1874.

The law for the redemption of delinquent lands is in conformity with these mentioned provisions. Section 13864, Pope's Digest. When land shall have been sold to the state, the one redeeming must pay not only the delinquent taxes, but also the taxes which would have accrued thereon if such land had been continued on the taxbooks. Section 13868, Pope's Digest. We have but recently given consideration to this matter holding that one redeeming must not only pay delinquent taxes but the accumulated amounts, etc. It would seem a redemption without such payments would be ineffectual. *Cutrell* v. *Hoover,* 194 Ark. 1085, 110 S. W. 2d 19.

We, therefore, hold that appellee should have paid taxes accruing for 1933.

Since the only alleged invalidity to the forfeiture for the taxes of 1933 is that the land was not subject to taxes because the title thereto was in the state, and that has been disposed of, the consequent result must be a reversal of the decree of the trial court as erroneous.

Decree reversed and cause remanded with directions to enter a decree for appellant.