Slaton *v.* Pride.

4-5016

Opinion delivered April 11, 1938.

*E. K. Edwards* and *Abe Collins,* for appellant.

*Gordon Carlton, Ned Stewart* and *Paul Jones, Jr.,* for appellees.

Donham, J. In 1927 H. C. Pride was the owner of a thirty-five-acre tract of land in Sevier county. He failed to pay the taxes on said tract during the year 1928 and same forfeited and was sold to the state for the nonpayment of the taxes for the previous year. The said Pride applied to the state to redeem said tract and did redeem same on the 24th day of January, 1931. The certificate of the Land Commissioner, however, showing such redemption, was not issued and forwarded to the county clerk of Sevier county until December 2, 1931. When the certificate was received, the clerk placed the tract upon the tax books and extended the taxes for the year 1931. No taxes were paid by Pride on said tract after his redemption in January, 1931. Said tract, therefore, forfeited for the taxes of 1931 and was sold to the state again in June, 1932.

During the year 1936 the state filed in the Sevier Chancery Court a suit to confirm its title to the tract here involved and other lands; and in October of that year a decree of said court was entered confirming the state's title, based upon the failure to pay the taxes for the year 1931. In the meantime, H. C. Pride had died intestate, leaving surviving him, as his wife and heirs-at-law, appellees herein. Several months after the rendition of the decree confirming the title in the state, appellees, by permission of the court, intervened in the suit of the state to confirm its title, making appellant herein a party. Interveners alleged that they were the owners of the tract of land involved as the widow and heirs-at-law of the said H. C. Pride.

The reason appellant Slaton was made a party is that in 1936 he had applied to the state and had purchased the thirty-five-acre tract of land involved in the suit. The title of the state at the time of this purchase by appellant depended upon the tax sale in June, 1932, for the taxes of the previous year. Interveners alleged that the appellant, Earl Slaton, claimed some right, interest or equity in and to said tract of land by reason of a certain tax deed from the state of Arkansas to him; but that the state of Arkansas had no title or right under or by reason of said last-mentioned forfeiture, and, therefore, could convey no title and that the deed from the state to Slaton was void and of no effect. They stated in their petition that they were not advised of the pendency of the suit on the part of the state to confirm the title until after the decree was rendered; and that they have a meritorious defense to the petition upon which the decree confirming the state's title was rendered. They prayed that the confirmation of the state's title be set aside; that the title to said tract of land be quieted and confirmed in themselves, free from any claim of the state of Arkansas; and that the deed from the state of Arkansas under which appellant claims title, be cancelled, set aside and held for naught.

Appellant filed a response to the petition of appellees, in which he denied every material allegation of the

petition, except that alleging that he claims some right, interest or equity in the tract involved by reason of his tax deed from the state of Arkansas. Further answering, he alleged that he acquired the title to said tract by and through a deed from the state of Arkansas executed by the Commissioner of State Lands September 1, 1936, which deed was duly filed for record on September 2, 1936, and was duly recorded at page 486 of Book 85 for deeds in the office of the Recorder in and for Sevier county, Arkansas.

Further answering, appellant, as respondent, alleged that he purchased said tract of land from the state of Arkansas before the repeal of act 142 of the General Assembly of 1935, and, therefore, acquired a vested interest in the provisions and benefit of said act, pleading his rights thereunder in bar of the relief prayed by interveners.

It will be seen that this appeal involves the question of the validity of the appellant's tax title to the tract involved, said title being based upon his purchase from the state in the year 1936. It was the contention of appellees in the trial of the case below that, notwithstanding no taxes were paid for the year 1931, there was no valid assessment of the tract for said year, and, therefore, that the forfeiture in June, 1932, and sale to the state, based upon the failure to pay the taxes for the year 1931, were invalid and, therefore, ineffective. Hence, it was claimed that appellant took no title by reason of his deed from the state.

This court said in the case of *Vandergrift* v. *Lowery,* ante p. 257, 111 S. W. 2d 510, that "we think it must appear to every student of taxes or revenue measures that every tax must be assessed in some form authorized by law before it becomes a legal charge or lien against property."

The question upon which the decision in the instant case turns is, whether taxes for the year 1931 were assessed against the tract involved in some form authorized by law.

The only witness introduced in the trial of the case who testified as to the assessment was Jess Pickens, the former clerk of Sevier county. He testified on direct examination:

"I received on the 3rd day of December, 1931, this certificate showing redemption of this particular tract of land. Thereafter I made the extension of taxes for the year 1931 on that record as it now appears. In making that assessment I used the valuation it was assessed at when it was sold for taxes in 1927. I did that without any new assessment having been made."

On cross-examination, however, the testimony of this witness was that he did not know whether the assessor had made an assessment of the tract. On cross-examination he testified: "The entries were made by my deputy. I have no personal recollection of the transaction—any more than the general custom followed while I was county clerk. I do not know who was present when the entries were made by the deputy, or what action the assessor took with reference to the Pride lands after they were redeemed."

On redirect examination he testified: "Our instructions and custom were to put it back on the tax books at the old valuation at which it was assessed when it was certified."

Is this evidence of the former clerk sufficient to impeach the verity of the tax record? The tax record showed a proper assessment and extension of taxes. It is a permanent public record, which the law requires to be preserved as evidence of what its pages reveal. Section 13765, Pope's Digest.

The witness did not know who was present when the entries were made upon the tax books; neither did he know what action the assessor had taken with reference to the tract involved after it was redeemed. The question is, since the tax record imports verity, was this negative testimony of the former clerk sufficient to impeach it?

In the case of *Biscoe, et al.,* v. *Coulter, et al.,* 18 Ark. 423, quoting from the fourth headnote, it was held that, "the testimony of the collector of taxes, if competent for such a purpose, is not sufficient to overturn and de-

feat a tax title to land acquired by purchase from the auditor, by impeaching the truth of his own official return, attested by the clerk of the county, as to the mode of offering the lands for sale.''

The court did not hold that the collector was not a competent witness, but did hold, granting that his evidence was competent to impeach the record, in view of all the facts of the case, it was not sufficient to invalidate and overturn the sale.

In the instant case, we do not hold that the former clerk, who testified as to the manner in which the assessment of the tract involved was placed upon the tax record, was not a competent witness; but we do hold, under all the circumstances, and especially in view of the negative character of his testimony, as to whether the assessor had previously assessed the property as the law requires, that his testimony was not sufficient to impeach the verity of the tax record. The law, act of 1929, p. 844, § 4, made it the duty of the assessor to make an assessment of the property after it was redeemed from tax sale in January, 1931. The testimony is not positive to the effect that he did not do so. As heretofore stated, it is of a negative character. Since the law made it his duty to make the assessment, it is presumed that he did so. In the absence of evidence to the contrary, it will be presumed that a public official has discharged the duties which the law requires of him. Since there was no positive evidence that the assessor did not make the assessment, we presume in the instant case that the assessor discharged the duty which the law imposes upon him; and that the assessment was made as the law requires. Of course, if the assessor made an assessment, and, in the absence of positive testimony to the contrary, we hold he did, act 142 of 1935 cured any irregularities which might have existed in the assessment. One of the purposes of said act was to cure any irregularity, informality or omission of an assessor in the assessment of property under the circumstances existing in the instant case.

There were other issues raised by the briefs which we deem it unnecessary to discuss.

It follows from what we have said that the decree must be reversed, and the cause remanded with directions to dismiss the intervention of appellees for want of equity. It is so ordered.