DELAPLAINE CONSOLIDATED SCHOOL DISTRICT No. 7 *v.* STATE
BOARD OF EDUCATION.

4-5205

Opinion delivered June 13, 1938.

*John L. Carter,* for appellants.

*Jack Holt,* Attorney General, *Leffel Gentry,* Assistant, for appellee.

DONHAM J. The Delaplaine Consolidated School District, after securing the approval of the Commissioner of Education, advertised and sold bonds of the face value of $10,500 for the purpose of securing money for the construction of a new school building for the district. The bonds in question were to bear six per cent. interest per annum; and the State Board of Education refused to approve them on the ground that the rate of interest was too high. Notwithstanding the Commissioner had previously given his approval, when the Board refused to give its consent to a bond issue bearing a rate of in-

terest as high as six per cent., the Commissioner refused to countersign the bonds.

Appellants brought a mandamus suit to require the State Board of Education to approve the bonds in question and to require the Commissioner of Education to countersign them. The appellees filed a demurrer to the complaint. The demurrer was sustained by the lower court and appellants refused to plead further. Whereupon, the action was dismissed. From the judgment of the court dismissing the cause, appellants have appealed.

The question to be decided here is whether the approval of the State Board of Education is necessary to the validity of the bonds in question.

It is contended by appellants that § 11495 of Pope's Digest grants authority to the Commissioner of Education to approve the bond issue in question and that the sanction of the State Board of Education is unnecessary. It is further contended that since the Commissioner of Education approved the issue before the bonds were issued and sold, he should countersign the bonds evidencing their validity and that his duty in this regard is merely ministerial which he may be compelled to perform by writ of mandamus. On the other hand, it is contended by appellees that the Commissioner of Education was not authorized, without the direction of the State Board of Education, to approve the issuance of said bonds.

Section 11495 of Pope's Digest provides: "When the board of any school district shall desire to borrow money or issue bonds, it shall furnish to the Commissioner of Education a statement of the amount proposed to be borrowed, the maturity of the indebtedness, a description of the property to be mortgaged as security therefor, a financial statement of the affairs of the district, a certificate from the county clerk showing the then assessed valuation of the real and personal property in the district, and shall not advertise for sale of bonds until the issue is approved by the State Board of Education, or by the Commissioner of Education, to be evidenced by a writing, signed by the State Board of Education or the Commissioner of Education, and bearing the seal of the State Board of Education."

Section 11513 of Pope's Digest provides: "Except for loans from the revolving loan fund, school bonds may be issued by any school district in the state without the necessity of a vote of the electors in favor of the bond issue; provided, however, that before any district shall issue bonds, the issue shall be approved by the State Board of Education."

There is an apparent conflict in these two sections. If the first of these sections, standing alone, is taken as the law of the case, it is seen that an approval by either the Board of Education or the Commissioner of Education is sufficient. While § 11495 provides that the district "shall not advertise for sale of bonds until the issue is approved by the State Board of Education, or by the Commissioner of Education . . .," § 11513 provides "that before any district shall issue bonds, the issue shall be approved by the State Board of Education." These sections of the Digest are §§ 62 and 77, respectively, of act 169 of the Acts of 1931.

Being parts of the same act, in order to ascertain the intent of the Legislature they should be construed together and both given effect, if possible. *Berry* v. *Sale,* 184 Ark. 655, 43 S. W. 2d 225; *Casey* v. *Smith,* 185 Ark. 149, 46 S. W. 2d 38; *Koser* v. *Oliver,* 186 Ark. 567, 54 S. W. 2d 411; *Neal* v. *Gatz,* 187 Ark. 785, 62 S. W. 2d 945. Both of these sections cannot be given effect, unless the section which authorizes the approval of the issue of bonds by the State Board of Education, or by the Commissioner of Education, is construed to mean that the Commissioner of Education may approve such an issue only when directed to do so by the Board. It seems to us that the plain mandate of the latter section to the effect that the issue of bonds by a school district must be approved by the State Board of Education can be given effect in no other way.

The Commissioner of Education in the instant case did not act upon the direction of the State Board of Education in granting his approval of the bond issue prior to the time the bonds were issued and sold, for it appears from the complaint that when the matter was submitted to the Board it refused to approve the issue for

the reason that it did not favor, as a matter of policy, the issuance of bonds by any school district bearing a rate of interest as high as six per cent.

It being the duty of this court to construe each section of an act in connection with the whole act and to harmonize seemingly conflicting provisions, when possible, we hold that the approval of the issuance of bonds in the instant case by the Commissioner of Education was not sufficient, since his approval was not at the direction of the Board of Education. As hereinbefore stated, this seems to be the plain requirement of § 77 of act 169 of the Acts of 1931, being § 11513 of Pope's Digest.

It is argued by appellants that said last-mentioned section applies only to a bond issue for refunding purposes; but in this we cannot agree, for said section provides that before any district shall issue bonds the issue shall be approved by the State Board of Education. We hold that this section is applicable to the bond issue in the case at bar and that compliance with it is necessary to the validity of any bonds, regardless of the purpose for which they are issued.

It follows from what we have said that the judgment must be affirmed. It is so ordered.