STATE *v.* F. W. BURFORD COMPANY.

4-6529                                     156 S. W. 2d 806

Opinion delivered December 15, 1941.

*Dick Huie, Dennis K. Williams* and *George F. Edwardes,* for appellant.

*H. M. Barney* and *Frank S. Quinn,* for appellee.

McHANEY, J. Appellee is the owner of a certain 17½-acre tract of rural land in Miller county. Said tract was returned for taxation and assessed as ''Southeast 10 acres of west one-half east one-half and 7.5 acres of east one-half east one-half of section 14, township 20 south, range 28 west, Miller county, Arkansas, together with all buildings and improvements thereon.'' The deeds under which appellee acquired title describe said tracts by metes and bounds and expressly reserve to the grantors, their heirs and assigns all the oil, gas and other minerals.. A gasoline plant is located on said property. In 1938, the tax assessor assessed these two tracts and the improvements thereon as returned by appellee at $35,000. The equalization board raised the assessment to $150,000, but, on appeal to the county court, it was fixed at $175 for the land and $40,000 for the improvements or a total of $40,175, upon which valuation appellee paid the taxes for 1938, payable in 1939.

In April, 1939, appellee made a return for taxation of its oil and gas leases in said county and again returned the two tracts above mentioned at a valuation of $35,000. The assessor entered in his assessment record for ''Oil and Gas Leases and Mineral Rights'' an assessment against said two tracts, describing them as ''1st & 2d tracts

containing 17½ A. in E½ frl. together with all improv. thereon including all buildings & fixtures gasoline plant & quarters," at a valuation of $35,000. The equalization board raised that amount to $100,000. Appellee appealed to the county court, and, after a hearing, it sustained the assessment, dismissed the appeal, and ordered and directed that the assessment, as equalized, be changed over from the oil, gas and mineral rights record to the rural real estate tax book of the county, in other words that it be canceled as an assessment against oil and gas leases or mineral rights, and be put in the real estate book as an assessment against real estate. From that order appellee appealed to the circuit court, where, on a trial *de novo,* the order and judgment of the county court was reversed, and it was ordered that the 1938 assessment against said two tracts in the sum of $40,-175 be extended against said tracts as the assessment for 1939. The state, the county and a school district have appealed.

Section 13682 of Pope's Digest provides that rural real estate shall be assessed in even numbered years only. But, by § 13685, new improvements in excess of $100 value made since the last assessing time "shall be subject to the same requirements concerning the listing, assessment and equalization as other property in that year assessed." In other words, as we understand the statute, and as the parties concede, if rural property, assessed in 1938, is improved more than $100 in value after the assessing time in 1938 and before the books are closed for the 1939 assessment, it is the duty of the owner to list such improvements for taxation, the duty of the assessor to assess same and the duty of the equalization board to equalize same.

We think it perfectly clear that the assessor was misled by the listing of this property by appellee in his oil and gas lease returns, instead of as improvements to rural real estate. The assessor testified that he erroneously placed the assessment of improvements on the property in question in the wrong book; that he inspected the plants and the improvements for the purpose of assessing the additional improvements in 1939; that he

furnished the equalization board with information as to what improvements had been placed on the property and that he had a list of same. He offered to show from his list what improvements had been made, but the court, on objection, refused to hear such testimony.

We think the $35,000 assessment placed against the property in question in 1939 by the assessor was meant to be an assessment against the new and additional improvements placed on the property since the 1938 assessment of $40,175, and that it was put on the wrong book inadvertently and erroneously; that the equalization board raised the valuation for assessment purposes to $100,000 on information furnished by the assessor and erroneously left the assessment in the Oil and Gas Leases and Mineral Rights book, but intended to equalize the new improvements only; and that the county court had the authority and was under the duty, on the showing made, to make an order correcting the error and directing the county clerk to cancel said assessment from said record and to transfer same to the rural real estate record, so that it would not be a double assessment.

Appellee seeks to sustain the judgment of the circuit court on a number of grounds, but in none of them is it insisted or even suggested that the increase is inequitable, unjust or that improvements were not made to justify such assessment. One of the grounds is that the description employed in the Oil and Gas Lease Book is bad for indefiniteness and uncertainty. It is not more so than the description used in the rural real estate book, both of which have been set out above. A bad description would not void the assessment, but would a sale based thereon. As we understand it, both descriptions were furnished the assessor by appellee. Another is that the assessment and the equalization thereof, if intended as an assessment of the real estate and the improvements thereon, was an assessment in gross, and also a double assessment, contrary to law. We do not undertand there was any intention on the part of the assessor or the equalization board to reassess the real estate in 1939, but only the additional improvements placed thereon since the 1938 assessment. The additional improvements

would have to be put on the book in a gross or lump sum, as there is no space in the form prescribed by the tax commission for a detailed assessment of the new improvements. The assessor offered to show how the board arrived at the new improvements, but he was not permitted to do so, on objection by counsel for appellee. Two cases are cited to support this contention, *Nashville Lumber Co.* v. *Howard County,* 89 Ark. 53, 115 S. W. 936, and *Saline County* v. *Hughes,* 84 Ark. 347, 105 S. W. 577. In the latter case it was held, to quote a headnote: "In equalizing the values of numerous items of personal property, a gross increase by the board of equalization in the aggregate valuation of the property, without specifying the items which are increased, is erroneous." The same holding was made in the Howard county case. But those cases involved the assessment of numerous items of personal property, while here the assessment is against additional improvements to real property of which it becomes a part after being made. These cases are not controlling here.

We have carefully considered appellee's other arguments made to sustain the judgment; but we cannot agree with them. It seems to be conceded that improvements largely in excess of $100 had been made on this property since the 1938 assessment, and no showing has been made by appellee that the $100,000 valuation placed thereon by the equalization board is excessive, so we conclude that a total assessment of $100,175 is the correct assessment for the year 1939 payable in 1940.

The judgment is, therefore, reversed, and the cause remanded with directions to sustain and affirm the order of the county court in the premises, and to so certify to said court.