Honorable John H. Dawson State Representative State Capitol Building Little Rock, AR 72201
Dear Representative Dawson:
You have requested an Official Opinion as to the following questions:
 1. At any time during the two-year period established by law which gives a delinquent taxpayer the right to pay delinquent taxes, can a county tax collector refuse to accept payment for delinquent taxes?
 2. Can a county tax collector force a delinquent taxpayer, when paying delinquent taxes, to also pay current taxes? Or, if the delinquent taxpayer refuses to pay current taxes, can the collector legally refuse to collect delinquent taxes?
The answer to question 1 if No. Ark. Stat. Ann. 84-1103 provides for statutory form of notice of delinquency to be published by the clerk, such notice to contain the following language: ". . . NOTICE IS HEREBY GIVEN THAT said several tracts, lots or parts of lots, will be held as delinquent for a two (2) year period from this date and then certified to the State of Arkansas, Commissioner of State Lands, for collection or to be sold, unless the said taxes, penalty and costs be paid before the end of the two (2) year period. . ."
The answer to your second question is no as to each count. Ark. Stat. Ann. 84-1126 (Act 626 of 1983) provides:
 ". . . Hereafter all tax delinquent land upon which the taxes have not been paid for two (2) years following the date the taxes are due shall be transferred to the Commission of State Lands for collection and/or sale . . ."
The present law, as expressed above, uses the operative language ". . . delinquent land upon which taxes have not been paid for two (2) years following the date the taxes were due shall be transferred to the Commission of State Lands. . ." It further provides ". . . In order to redeem, whether with the county collector or the State Land Commissioner, and in order to purchase at the State Land Commissioner's sale, the redeemer of tax delinquent land shall pay all delinquent taxes plus a ten percent (10%) penalty, 10% simple interest for each year of the delinquency, and costs incurred . . ."
Prior law as expressed by Ark. Stat. Ann. 84-1201 et. seq., would reach a different result due to the fact that delinquent lands were sold to the State for each year of delinquency and were thereby removed from the list of assessed lands giving rise to the requirement that all current taxes accrued were required to be paid at the time of redemption as interpreted by the Arkansas Supreme Court in Ladd v. Stubblefield, 195 Ark. 261, 111 S.W.2d 510.
The foregoing opinion, which I hereby approve, was prepared by Chief Deputy Attorney General Dan Kennett.